## DONNER v. PALMER (BRADLEY, Intervener).

### No. 751; November 2, 1867.

**Judgment—Questions Determined.—A Decision of One Question** of law presented by stipulation does not imply a waiver of all other questions in the case, nor does the decision of that question imply that other questions that might have been determined upon the record as presented were in fact decided.

**Pleading—Insufficiency of Complaint—Waiver.—**The point that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur, but it may be made at any time.

**Intervention—Occasions for.—Under Section 659 of the Prac-** tice Act a person is permitted to intervene: 1st. When he has an interest in the success of the plaintiff; 2d. When he has an interest in the success of the defendant; and 3d. When he has an interest against both.

**Intervention.—When One Tenant in Common Sues to Recover** the Possession of the premises, and the damages sustained by the ouster, and the rents and profits to which he is entitled, the case is not one where his cotenant can intervene, for the cotenant is not interested.

**Intervention — Ejectment.—Where the Ownership, as Claimed** by the Plaintiff, is of Three Undivided Fourths, and this is the subject matter of his ejectment suit, one who would intervene does not

show a right to do so by alleging that he is "the owner in fee simple and entitled to the possession of the undivided one-fourth part" of the premises, "being the one undivided one-fourth part of the said premises mentioned in the plaintiff's complaint; that is, the undivided one-third of the undivided three-fourths thereof, as mentioned therein."

**Ejectment—Rents and Damages.—The Gravamen of the Action of Ejectment** is the wrongful withholding of the possession of the premises from the plaintiff from the time of the alleged entry up to the commencement of the action; and the plaintiff, upon showing title, is entitled to recover the possession together with damages for the wrongful withholding of the possession, and the value of the rents and profits while the possession was so withheld.

**Intervention—Ejectment.—If One Seeking to Intervene in an Ejectment** suit does not allege, in his petition, that he had title before the commencement of the action the omission is fatal; and he does not cure it by alleging that he "is the owner and entitled to the possession," etc.

**Intervention — Ejectment.—It is Doubtful if One Tenant in Common** can, under the provisions of the statute, intervene in an action of ejectment brought by his cotenant; since tenants in common are such as hold by several and distinct titles, even though also by unity of possession, while a plaintiff in ejectment can recover only on the strength of his own title.

RHODES, J.—The first question is, What was determined by this court on the former appeal? At the first trial in the court below, the jury returned a verdict against the intervener, and the court having granted the intervener a new trial, the plaintiff appealed. The plaintiff and intervener had entered into a stipulation by which certain facts were admitted, and it was agreed "that it is the intention and object of the foregoing stipulation to submit to the court, as a question of law, the question of priority of the foregoing judgments, liens and attachments, and which of the parties acquired, under the sales herein mentioned, the interest of said John Yontz in the property sold as hereinbefore stated, and that either party may offer and give in evidence any documentary evidence they may see proper." The intervener stated in his brief on the former appeal that "the only point is, whether the taking out of the transcript of the judgment in the case of Cobb v. Yontz, in Santa Clara county, after the two years had expired, and filing it in San Francisco, created a lien upon the premises." Mr. Justice Crocker, in delivering

the opinion of the court, after reciting certain facts agreed to in the stipulation, said: "Under this state of the facts, the simple question is, Which of these two parties, the intervener or the plaintiff, has the better right and title to this interest of Yontz?" The court was of the opinion that the intervener had the better right and title to that interest, and accordingly affirmed the order granting the intervener's motion for a new trial. That was the matter, and the only matter, determined in the cause by this court, as between the plaintiff and intervener. No other point than the one above mentioned appears to have been made by either counsel, and none other was decided by the court. The question whether the petition of intervention stated facts sufficient to entitle the intervener to any relief, or whether it was a proper case for intervention, or whether he was entitled to judgment upon the evidence in the case, was not passed upon by the court. Nor were any of them necessarily involved in the point that was decided. A decision of one question of law presented by stipulation does not imply a waiver of all other questions in the case, nor does the decision of that question imply that other questions that might have been determined upon the record as presented were in fact decided. The ground that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur, but it may be taken at any time.

The affirmance of the order granting a new trial left the case in the same position in every respect in which it stood, upon the order being granted, except only that upon the facts stated in the stipulation it was determined that the Yontz title was in the intervener. There was nothing to preclude the plaintiff from raising the questions which were considered by the court below, and upon which the petition for intervention was dismissed.

Under section 659 of the Practice Act, a person is permitted to intervene: 1st. When he has an interest in the success of the plaintiff; 2d. When he has an interest in the success of the defendant; and 3d. When he has an interest against both the plaintiff and defendant. The interest must necessarily be an interest in the matter in litigation; and, as was said by Mr. Justice Field, in Horn v. Volcano etc. Co., 13 Cal. 69, 73 Am. Dec. 569: "The interest mentioned in the statute, which en-

titles a person to intervene in a suit between other parties, must be in the matter in litigation, and of such a direct and immediate character, that the intervener will either gain or lose by the direct legal operation and effect of the judgment." If this doctrine is correct—and we are entirely satisfied with it—when one tenant in common sues to recover the possession of the premises, and the damages sustained by the ouster, and the rents and profits to which he is entitled, it is difficult to see how his cotenant can intervene, for he is interested neither in the title of the former, nor in the damages, rents or profits to which the former is entitled; nor will the latter gain or lose directly by the recovery of the former, for his right is the same, whatever may be the judgment. If the former recovers the possession, the latter has this indirect benefit—he is saved the necessity of a suit for its recovery.

In this case the intervener alleges that "he is the owner in fee simple and entitled to the possession of the undivided one-fourth part" of the premises, "being the one undivided one-fourth part of the said premises mentioned in the plaintiff's complaint; that is, the undivided one-third of the undivided three-fourths thereof, as mentioned therein"; and he insists that this shows a proper case for intervention, because he claims a part of the very title through which the plaintiff seeks to recover. This position is fallacious. The different undivided interests, so far as appears from the pleadings, have not a separate identity like the several quarters or other divisions of the lot itself. They are simply undivided portions of the whole title. The plaintiff does not allege that he is the owner of any particular undivided three-fourths, and it is impossible to see how the intervener can say that he is the owner of any one of those quarters, or of a part of each of them. Had the plaintiff sued for the whole, then the intervener's quarter must have constituted a part of that which was claimed by the plaintiff, and this for the mathematical reason that the whole of a thing includes all its parts. Nor has the intervener designated his quarter in such manner that it can be said to be any particular quarter. If he owns an undivided quarter, he is simply a tenant in common to that extent, and it is quite immaterial to him how much the plaintiff claims. The different interests have been derived from different persons, or from the same person at different times.

and in that manner may be distinguished for certain purposes, but nothing of the kind appears in the pleadings, and we must hold the allegation of the petition, that the intervener's one-quarter is one-third of the plaintiff's three-quarters, as immaterial and mere surplusage. The allegation amounts only to this, that the intervener is the owner, etc., of one undivided quarter of the premises.

The gravamen of the action of ejectment is the wrongful withholding of the possession of the premises from the plaintiff, from the time of the alleged entry up to the commencement of the action; and the plaintiff, upon showing title, is entitled to recover the possession, together with damages for the wrongful withholding of the possession, and the value of the rents and profits while the possession was so withheld. The intervener does not allege that he had title before the commencement of the action. The averment in the petition is that he ''is the owner and entitled to the possession,'' etc., and it will not be presumed that he held the title on any day previous to the filing of the petition. If such was the case he could not possibly have been injured by the ouster of which the plaintiff complains. So far as the ouster, and the consequent claim of damages, and the rents and profits up to the time of the filing of the petition of intervention, are concerned, the intervener had no interest in the action. He not being entitled to the possession at the commencement of the action, and not being then nor since interested in the title held by the plaintiff—the title held by the plaintiff, and not that held by another person, being the basis of the plaintiff's recovery—the conclusion is inevitable that the intervener was not interested in the matter in litigation.

The intervener states that after he was entitled to the possession the defendants ousted him. That is a different cause of action from that stated by the plaintiff, and does not form any part of the matter in litigation between the plaintiff and the defendants. The intervener is not aided by this, for he is not authorized to introduce a new cause of action. We are of the opinion that the intervener has not stated facts sufficient to entitle him to intervene in the action.

It admits of serious doubt whether one tenant in common can, under the provisions of the statute, intervene in an action of ejectment, brought by his cotenant. Tenants in com-

are such as hold by several and distinct titles, but by unity of possession. The several tenants in common cannot by any possibility hold the same title. Their several titles are portions of the same general title, but the title of each is entirely distinct. When one tenant in common commences an action of ejectment against a stranger, his title and not that of his cotenant, is drawn in issue, and if he recovers in the action, he recovers upon his own title. He could not recover upon that of his cotenant without abrogating the rule that has become a legal maxim in ejectment, that the plaintiff must recover upon the strength of his own title. Should an intervener be permitted to come in, he also must recover upon the strength of his own title; and to enable him to do so, he cannot rely upon the plaintiff's cause of action, but must introduce into the action a new matter of litigation—his own title. It requires no argument to show that he is not authorized to bring into the controversy a new cause of action. The Practice Act does not contemplate such a proceeding. The only theory upon which such a proceeding could be made plausible is the one adopted in this case. Suppose the plaintiff claims title to the one-half, and that the intervener claims one-half, and alleges that his half is the same half that the plaintiff sues for, and that the intervener proves his allegations; then the plaintiff of course fails, and the defendant must have judgment. The result must be the same that it would be had the defendant set up and shown outstanding title in a third person, in a case where there is no intervention. The intervener cannot recover when he shows that the plaintiff has no cause of action. If the intervener claims and proves title to only a part of the interest sued for by the plaintiff, the plaintiff must fail, and so must the action, for the part held by the intervener. If one cotenant can intervene, all may do the same; and they may successively claim a part or all of the plaintiff's asserted title, and after they have defeated the plaintiff, they may continue the contest among themselves. If an intervention is admissible when the defendant is a stranger, there is no good reason why the same may not be done when the defendant is a tenant in common. Although an ouster by a stranger is deemed in law an ouster of all the tenants in common, yet the ouster of each is as distinct as is the assault and battery committed upon each of several persons who have been injured by

the same act.  The plaintiff counts upon the ouster of himself and not that of his fellow.  Tenants in common may join in the action, but each must allege that he was ousted by the defendant.

The provisions of section 659  are general, and without any restriction to actions of a particular character; but the nature of the certain actions is such as to render an intervention wholly inadmissible; and in our opinion it would be no more allowable in an action of this character than in an action for an assault and battery, or a libel, or slander.

The court correctly held that the intervener was not ent. to intervene in this action.

Judgment affirmed.

We concur: Currey, C. J.; Sanderson, J.; Sawyer.

Justice Shafter, being disqualified, did not particip____ decision of this cause.